UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-22452-KMM

DENNIS MONTGOMERY,

    Plaintiff,

vs.

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, et al.,

    Defendants.

**DEFENDANTS' MOTION FOR AN EXTENSION OF
TIME TO RESPOND TO THE COMPLAINT**

Defendants American Civil Liberties Union Foundation ("ACLUF"), Susan Herman, Cecillia Wang, Daniel Pochoda, Michael German, Andre Segura, and Joshua Bendor (collectively "defendants"), pursuant to Federal Rule of Civil Procedure 6(b), respectfully move for an extension of time, up to and including August 21, 2015, to file their response(s) to plaintiff's Complaint [ECF 1], and in support state as follows:

1. This action was filed on June 30, 2015, and concerns a statement made by one of the defendants to a New York Times reporter in Phoenix, Arizona concerning a civil rights suit in the United States District Court in Phoenix against Maricopa County Sheriff Joe Arpaio and other events in Arizona in connection with that suit, including a contempt proceeding against Sheriff Arpaio and his motion to recuse the district judge assigned to the case. *See* Complaint, *Montgomery v. ACLU*, 15-cv-22452-KMM (S.D. Fla. June 30, 2015), ECF No. 1; see generally *Ortega Melendres v. Arpaio*, cv-07-2513 (GMS), Order Denying Motion for Recusal or Disqualification, docket entry 1164 (July 10, 2015), slip op. at 7-10, 25-30. According to the testimony of Sheriff Arpaio and his second-in-command (*id.*), the plaintiff in the instant action

was engaged as a paid confidential informant by the Maricopa County Sheriff's Office and purported to have evidence that the U.S. district judge presiding over the *Ortega Melendres* case was conspiring with the Attorney General of the United States and others against Sheriff Arpaio.

2. Only three of the defendants in this action have been served to date. Four have not been served. The time to respond for the earliest-served defendant runs on July 28, 2015; the time for the unserved defendants to respond has not even begun to run.

3. Defendants seek an extension of their time to respond because the number of claims and defendants warrant it, particularly in view of the multiplicity of issues raised in the complaint.

4. Moreover, because the six individual defendants have pre-existing plans for summer vacations in July and August, counsel expects that it will take additional time to give them the opportunity to review any answer or any motion to be filed and such affidavits as may be required under FRCP 12(b).

5. In addition to the above, the wife of defendants' lead counsel, Mr. Sims (who will be filing a motion for admission *pro hac vice*), fractured her foot and underwent surgery on July 2, 2015, and as she is required to keep the leg raised most of the day, his commitments at home have increased considerably.

6. Counsel for defendants sought to negotiate a reasonable extension with plaintiff's counsel, in return for stipulating to service, but plaintiff's counsel refuses to cooperate. On July 1, the day after filing suit and before any of the defendants were served, counsel for plaintiff contacted a transactional attorney at ACLUF's headquarters to see if he would accept service on behalf of all defendants. That ACLUF attorney asked for 90 days, and offered as a further proposal that defendants would each agree to waive service under FRCP 4(d), with the time to respond provided for by FRCP 4(d)(3) (60 days). Plaintiff's counsel, however, while asking for a

waiver, refused to provide the waiver forms under Rule 4(d) or to proceed with negotiating a stipulation of service under that provision.

7. After the ACLUF subsequently engaged undersigned counsel, he contacted plaintiff's counsel on Wednesday July 15 and Thursday July 16 to request that he agree either to the waiver provision of FRCP 4(d), which provides 60 days extension, or to extending the time for defendants to respond until August 21, a period considerably shorter than that which Congress and the judiciary made available under Rule 4(d), in return for stipulated service.

8. In response, plaintiff's counsel said that he would call Mr. Sims on Friday afternoon, July 17, to discuss defendants' requests, but failed to do so.

9. When Mr. Sims again contacted plaintiff's counsel on Monday morning July 20, plaintiff's counsel advised in response that he rejected the Mr. Sims' proposals for an extension and would grant defendants "an extra 10 days" only. But in a case where four defendants have not been served and the three who were served were served at different times in different places, it is impossible to know what date plaintiff's counsel was proposing.

10. Later on Monday July 20, Mr. Sims inquired as to what response date plaintiff's counsel proposed and made a further attempt to compromise by setting the deadline to respond at August 17. Plaintiff's counsel has not responded to this communication, and it has become necessary to move the court for an extension.

11. This Motion for an Extension of Time is not interposed for purposes of delay, and no prejudice will result from granting this Motion, in a case seeking only damages. While plaintiff conclusorily advised on Monday July 20 – in rejecting defendants' request and refusing to make any reasonable counter offer – that his client is somehow suffering ongoing harm, he did not explain what harm his client suffers and has not responded to a request that he specify any harmful post-complaint activity on the part of defendants.

12. In light of the foregoing, a brief extension of time would be consistent with the just, speedy, and inexpensive administration of justice.

WHEREFORE, defendants respectfully request an extension of time, up to and including August 21, 2015, to respond or otherwise move with respect to plaintiff's complaint.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that, as described more fully in the motion itself, counsel for the movant has conferred with counsel for the plaintiff and has made a good faith effort to resolve the issues raised in the motion, but the parties were unable to resolve the issues raised.

Date: July 22, 2015                    Respectfully submitted,

s/ *Jonathan Galler*
Jonathan Galler, Esq. (FBN 0037489)
Email: jgaller@proskauer.com
PROSKAUER ROSE LLP
2255 Glades Road
Suite 421 Atrium
Boca Raton, Fl 33431-7360
(561) 241-7400
(562) 241-7145 (facsimile)

Charles S. Sims, Esq. (*pro hac vice* motion to be filed)
 csims@proskauer.com
John M. Browning, Esq. (*pro hac vice* motion to be filed)
 jbrowning@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Phone: (212) 969-3000
Fax: (212) 969-2900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 22, 2015, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the below counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

s/*Jonathan Galler*
Jonathan Galler, Esq.

## SERVICE LIST

Larry Elliot Klayman , Esq.
Klayman Law Firm
2520 Coral Way
Suite 2027
Miami, FL 33145
Tel: (310) 595-0800
Fax: (310) 275-3276
Email: leklayman@gmail.com