UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-22452-KMM

DENNIS MONTGOMERY,

    *Plaintiff,*

vs.

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, et al.,

    *Defendants.*

_____

### DECLARATION OF ANDRE SEGURA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

    Andre Segura declares under penalty of perjury as follows:

1.    I am an attorney employed by the American Civil Liberties Union Foundation at its New York City headquarters. I work principally for the Immigrants' Rights Project, and have been employed by ACLUF since 2007. I am an attorney, actively admitted to the New York bar, and a defendant in this action.

2.    Since 2011, I have been one of the counsel for the plaintiffs in *Melendres v. Arpaio*, cv-07-2513, a civil rights class action in which Sheriff Arpaio and the department that he runs (the Maricopa County Sheriff's Office) were found at trial to have violated the Fourth and Fourteenth Amendment rights of the plaintiff class. No part of that litigation has entailed work in Florida, or travel to Florida, or communications to Florida. All my work on it has been in New York and Arizona, except for appellate proceedings in San Francisco before the Ninth Circuit.

3.    Dennis Montgomery, who is the plaintiff in the present case, is not a party in *Melendres*. His first mention in the litigation was when U.S. District Judge Snow introduced, at an April 23,

2015 hearing, an article from the Phoenix New Times magazine that described Sheriff Arpaio's hiring of Montgomery. Judge Snow raised the article in connection with a pending motion for contempt against Sheriff Arpaio filed on January 8, 2015, alleging the Sheriff's failure to, among other things, comply with the terms of a preliminary injunction entered by the Court.

4. I understand that Mr. Montgomery has laid venue in this case in the Southern District of Florida, apparently on the theory that he is being injured in Florida and that the defendants knew that he was living there when they took the actions complained of. From numerous references in hearings and conferences before Judge Snow, I have understood and believed that Mr. Montgomery resides in the Seattle, Washington, area, and have never believed him to be a resident of Florida.

5. None of the allegations about me, in the complaint in this action, allege that I have taken any action in or aimed at Florida in connection with Mr. Montgomery, and I have not done so. I have not sought, in connection with Mr. Montgomery or any of the allegations lodged in the Complaint in this action, to avail myself of any privileges of doing business with or in Florida.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 14, 2015

_____
Andre Segura