UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-22452-KMM

DENNIS MONTGOMERY,

*Plaintiff,*

vs.

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, et al.,

*Defendants.*

## DECLARATION OF CECILLIA WANG IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

Cecillia Wang declares under penalty of perjury as follows:

1. I am the director of the Immigrants' Rights Project of the American Civil Liberties Union Foundation ("ACLUF"), and a defendant in this action. The Immigrants' Rights Project ("IRP") operates out of offices in New York City and San Francisco. I am based principally in San Francisco.

2. Since September 2008, IRP attorneys have been counsel in *Melendres v. Arpaio*, No. cv-07-2513, a civil rights suit in the U.S. District Court for the District of Arizona asserting claims that Sheriff Arpaio and the department that he runs (the Maricopa County Sheriff's Office, or "MCSO") has violated the Fourth and Fourteenth Amendment rights of the plaintiff class. I joined the case as co-counsel and was admitted pro hac vice on or about July 13, 2009.

3. Dennis Montgomery, who is the plaintiff in the present case against ACLUF and various present or former employees, is not a party in *Melendres*. He has unsuccessfully attempted to intervene in the *Melendres* case; he had no local counsel admitted in the District of Arizona and

his out-of-state attorney's application for admission pro hac vice was denied by the district court because of a conflict of interest, as he had previously represented Sheriff Arpaio in unrelated litigation and documents in the record demonstrate that Montgomery and Arpaio are adverse to one another. Montgomery's counsel in the instant case, Larry Klayman, has applied for application for admission pro hac vice to represent Montgomery in his motion to intervene in the *Melendres* case, but Klayman suffers from the same conflict of interest as he represents Arpaio in other matters and his application was denied.

4. Dennis Montgomery's name arose in the *Melendres* litigation in connection with contempt charges we filed against Sheriff Arpaio and other MCSO personnel. Montgomery's name arose on the record on April 23, 2015, when the district judge questioned Arpaio on the witness stand about a newspaper article concerning Montgomery's investigation on behalf of MCSO. Arpaio testified that MCSO had hired Montgomery as a paid informant. Arpaio subsequently produced documents indicating that Montgomery's investigation was aimed at least in part at developing evidence of a purported conspiracy between the district judge and the Attorney General of the United States, among others.

5. Based upon the testimony of MCSO witnesses during the contempt hearing, and based upon documents produced by MCSO in connection with that contempt hearing, I believe Dennis Montgomery lives in Washington State. I understand that Mr. Montgomery has laid venue in this case in the Southern District of Florida, apparently on the theory that he is being injured in Florida and that the defendants knew that he was living there when they took the purported actions alleged in the complaint. I am surprised by his attempt to assert jurisdiction against the defendants and venue in Florida because all available evidence in the *Melendres* litigation indicates that Mr. Montgomery lives in Washington State and has done so since at least

September 2013, when the MCSO hired him. Judge Snow's recent decision in *Melendres* found that "in approximately September 2013 MCSO apparently hired Dennis Montgomery, a computer consultant based out of Seattle, Washington." *Melendres v. Arpaio*, No. cv-07-2513, Docket No. 1164 at 8; *see also id.* at 7 (asking Sheriff Arpaio to address the allegation that "MCSO was paying a confidential informant from Seattle, Washington named Dennis Montgomery to investigate possible collusion between this Court and the Department of Justice").

6. The complaint in this action contains no allegation that I have taken any action in or aimed at Florida in connection with Mr. Montgomery or any of the allegations of this lawsuit, and I have not done so. Nor have I sought, in connection with Mr. Montgomery or any of the allegations lodged in the Complaint in this action, to avail myself of any privileges of doing business with or in Florida. Indeed, I have never been to Miami or anywhere else in the Southern District of Florida (except for layovers at the Miami international airport during which I did not leave the airport terminal), and have never been there on any work-related matter, much less one involving Dennis Montgomery.

I declare under penalty of perjury that the foregoing is true and correct.

August 18, 2015

Cecillia Wang

3