**IN UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:15-cv-22452-Moore-McAliley

DENNIS MONTGOMERY,

               Plaintiff,

v.

AMERICAN CIVIL LIBERTIES
FOUNDATION, ET AL.

               Defendants.

_____/

## SCHEDULING REPORT

Pursuant to Local Rule 16.1B, Plaintiff files this scheduling report[1]:

(A) **The likelihood of settlement:**

It is too early to determine the likelihood of settlement.

(B) **The likelihood of appearance in the action of additional parties:**

The likelihood of appearance of additional parties is unknown at this time prior to the

commencement of discovery

(C) **Proposed limits on the time:**

  (i)      **To join other parties and to amend the pleadings;**

Plaintiff reserves the right to amend the pleadings, and, if appropriate, to oppose the

amendment of the pleadings, pursuant to the Federal Rules of Civil Procedure and the Local

Rules.

---

[1] Plaintiff sought to confer with Defendants regarding the filing of this scheduling report. Defendants' counsel stated that the joint scheduling report was not due on this day and said it was not appropriate to file it at this time. Plaintiff is thus filing this scheduling report unilaterally.

**(ii)     To file and hear motions; and**

Unless otherwise instructed by this Court, Plaintiff suggests the filing deadlines be

pursuant to FRCP, and the local rules, unless there are exigent circumstances, such as an

emergency hearing.

**(iii)     To complete discovery:**

Plaintiff suggests a 120-day time period or until January 22, 2015, to complete

discovery given the need to move this case expeditiously.

**(D) Proposals for the formulation and simplification of issues, including the
elimination of frivolous claims or defenses, and the number and timing of motions
for summary judgment or partial summary judgment:**

Plaintiff will stipulate to uncontroverted facts, simplify the issues, and eliminate

unnecessary issues where possible and appropriate.

**(E) The necessity or desirability of amendments to the pleading:**

Plaintiff will be seeking leave to file an amended complaint on September 25, 2015. It

is unknown whether further amendments to the pleadings will be necessary.

**(F) The possibility of obtaining admissions of fact and of documents, electronically
stored information or things which will avoid unnecessary proof, stipulations
regarding authenticity of documents, electronically stored information or
things, and the need for advance rulings from the Court on admissibility of
evidence:**

Plaintiff will consult on and, where appropriate, stipulate to uncontroverted facts, the

admissibility of evidence, and to other matters set forth above.

**(G)Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

Same as above

**(H)Suggestions on the advisability of referring matters to a Magistrate Judge or
master:**

Plaintiff recommends that only discovery issues be referred to the U.S. Magistrate Judge.

Plaintiff does not expect that any matter will need to be referred to a master.

**(I) A preliminary estimate of the time required for trial:**

Plaintiff estimates that the trial will last approximately seven (7) to ten (10) days.

**(J) Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

Plaintiff proposes a mid to late April 2016 trial date and a pretrial conference 10 days

in advance of the trial date.

**(K) Any other information that might be helpful to the Court in setting the case for status or pretrial conference:**

Plaintiff wishes to move this case along quickly due to his brain aneurism and poor

health. See Attachment A.


Pursuant to this Court's Scheduling Order of July 6, 2015:

**(1) Nature and basis of Plaintiff's claims:**


**1. The Fifth Cause of Action is Breach of Fiduciary Duty**

Florida has identified the elements for a breach of fiduciary duty specifically when

involving an attorney's breach against a client: "As for a claim of breach of fiduciary duty, a

plaintiff must allege three elements: the existence of a fiduciary duty, a breach of that duty, and

plaintiff's damages proximately caused by the breach. *Gracey v. Eaker*, 837 So.2d 348, 353

(Fla.2002)." *Rocco v. Glenn, Rasmussen, Fogarty & Hooker, P.A.*, 32 So.3d at 116 n. 2.

*Moscowitz v. Oldham*, 48 So.3d 136 (Fla. App., 2010)

**2. The Second Cause of Action is Professional Malpractice**

3

For a professional malpractice claim, Florida recognizes that the cause of action: "has three elements: (1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, and (3) the attorney's negligence [as] the proximate cause of the client's loss." Cira v. Dillinger, 903 So.2d 367 (Fla. 2d DCA 2005).*Rocco v. Glenn, Rasmussen, Fogarty & Hooker, P.A.*, 32 So.3d 111, 116 (Fla. 2d DCA 2009) (cited and relied upon in *Moscowitz v. Oldham*, 48 So.3d 136 (Fla. App., 2010)).

### 3.  The Third Cause of Action is Defamation Per Se

A statement is per se defamatory if it imputes to another (a) a criminal offense amounting to a felony, or (b) a presently existing venereal or other loathsome and communicable disease, or (c) conduct, characteristics, or a condition in compatible with the proper exercise of his lawful business, trade, profession or office, or (d) the other being a woman, acts of unchastity. For defamation per se, it is not necessary to prove negligence or malice. *Campbell v. Jacksonville Kennel Club, Inc.,* 66 So.2d 495, 497 (Fla. 1953).

### 4.  The Fourth Cause of Action is Common Law General Defamation

To prevail on a claim for defamation, a plaintiff must show "(1) a publication; (2) falsity; (3) the actor acted with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement is defamatory." *Jews for Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1106 (Fla. 2008).

### 5.  The Fifth Cause of Action is Common Law Defamation by Implication

Florida common law recognizes a claim of defamation by implication. "Defamation by implication arises, not from what is stated, but from what is implied when a defendant '(1) juxtaposes a series of facts so as to imply a defamatory connection between them, or (2) creates

a defamatory implication by omitting facts, [such that] he may be held responsible for the defamatory implication . . .'" *Jews for Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1106 (Fla. 2008). (quoting W. Page Keeton et al., Prosser & Keeton on the Law of Torts § 116, at 117 (5th ed. Supp. 1988).

### 6.   The Fourth Cause of Action is Intentional Infliction of Emotional Distress

Intentional infliction of emotional distress arises when the defendant engaged in extreme and outrageous conduct; and acted with the intent to cause severe distress or with reckless disregard of the high probability of causing severe emotional distress, and that extreme and outrageous conduct was a legal cause of the severe emotional distress. *Florida Standard Jury Instruction 410.7 for Civil Cases (2014).*  Extreme and outrageous conduct is behavior, which, under the circumstances, goes beyond all possible bounds of decency and is regarded as shocking, atrocious, and utterly intolerable in a civilized community. *Florida Standard Jury Instruction 410.5 for Civil Cases (2014).* Emotional distress is severe when it is of such intensity or duration that no ordinary person should be expected to endure it. *Florida Standard Jury Instruction 410.4 for Civil Cases (2014).*

**(3) A good faith estimate of the specific dollar valuation of actual damages and other relief at issue:**

Plaintiff seeks compensatory and actual damages in excess of $20 Million U.S. Dollars and punitive damages in excess of $90 Million U.S. Dollars.

**(4) The need for variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure, including the grounds supporting the requested variance:**

At this time, Plaintiff does not believe that there is a need to vary from the discovery limitations imposed by the Federal Rules of Civil Procedure and the Local Rules.

5

.

Dated: September 24, 2015

                                        Respectfully Submitted,


                                        */s/ Larry Klayman*
                                        Larry Klayman, Esq.
                                        FL Bar No. 246220
                                        7050 W Palmetto Park Rd.
                                        Suite 15-287
                                        Boca Raton, FL 33433

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of September 2015, a true and correct copy of the foregoing was filed and served via CM/ECF upon the following:

Jonathan Galler, Esq. (FBN 0037489)
Email: jgaller@proskauer.com
PROSKAUER ROSE LLP
2255 Glades Road
Suite 421 Atrium
Boca Raton, Fl 33431-7360
(561) 241-7400
(562) 241-7145 (facsimile)


*Attorneys for Defendants*

/s/ Larry Klayman
Larry Klayman, Esq.
